# Winnie W. Fun

## v.

# Virginia Military Institute

Record No. 911880

February 26, 1993[1]

Present: All the Justices

---

[1] The November 6, 1992 opinion was withdrawn when a petition for rehearing was granted on January 4, 1993.

*Thomas C. Spencer (Spencer & Filson,* on brief), for appellant.
*Richard C. Kast, Assistant Attorney General (Mary Sue Terry, Attorney General; Paul J. Forch, Senior Assistant Attorney General; C. Tabor Cronk, Assistant Attorney General,* on brief), for appellees.

JUSTICE LACY delivered the opinion of the Court.

In this appeal, we consider whether an employee stated a cause of action against her employer for breach of her employment contract and for violations of her due process and property rights under 42 U.S.C. § 1983.

The trial court decided this case on demurrer. Hence, we recite as true the facts alleged in the motion for judgment and its exhibits, and the fair inferences therefrom. *Palumbo* v. *Bennett,* 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991). From 1987 to 1990, Virginia Military Institute (the Institute) employed Winnie W. Fun as a Technical Services Librarian and Assistant Professor of Bibliography on a year-to-year basis. Fun's employment contract was subject to automatic renewal in the absence of a notice of nonrenewal.

The Institute could terminate Fun's employment in two ways: (1) nonrenewal of her contract at the conclusion of the current contract term; or (2) dismissal at any time. Under the employment contract, the Institute could terminate Fun by nonrenewal of her contract only if it provided her notice of nonrenewal at least six months prior to the expiration of her current term of employment, in this case by December 30, 1989. If the Institute terminated Fun's employment by dismissal rather than by nonrenewal, Fun was entitled to challenge the dismissal through certain grievance and review proceedings.

On November 30, 1989, following an oral and a written reprimand, Fun received a letter from her immediate supervisor, Colonel James E. Gaines, Jr., which stated in part:

[Y]ou will be leaving VMI's payroll no later than 31 October 1990 . . .

It is our hope to have someone in the position over the summer if not sooner. Obviously, it would be less awkward for all concerned if you were relocated by that time. . . .

As I explained to you, the regulations for dismissal of an administrative staff member of your seniority require only four months' notice, and a year's notice is generous . . .

Fun met with Colonel Thomas W. Davis, the acting dean of faculty, in December and requested an investigation into the allegations that led to her dismissal. Fun received no response from Davis until March 1990, when Davis informed her, by letter, that the November 30 letter she had received from Gaines " 'was intended to be notification of non-renewal' " of her employment contract. Meanwhile, Gaines had already announced the search for Fun's replacement to the entire library staff.

Fun filed a motion for judgment against the Institute, Gaines, Davis, and Brigadier General John W. Knapp (collectively, VMI) claiming that VMI had breached her contract of employment and had denied her due process and property rights in violation of 42 U.S.C. § 1983. She sought damages for, *inter alia*, lost wages and reemployment expenses.

In Count I, Fun alleged that she was denied employment at the Institute for fiscal year 1990-91, yet was not timely notified that her contract of employment would not be renewed for that term. VMI's

failure to provide the six month nonrenewal notice, Fun claims, was a breach of the employment contract.

Fun's second breach of contract count alleged that VMI had denied her the faculty grievance and review procedures for dismissal to which she was entitled under the employment contract.

In her third count, alleging a violation of 42 U.S.C. § 1983, Fun asserted that she had a property interest in her individual and professional reputation. She also alleged a property interest in her employment at the Institute for the 1990-91 term because, without timely notification of nonrenewal, the contract would be extended for another year. She claimed a denial of her due process rights to contest her dismissal according to the procedures contained in the Institute's Administrative Faculty Policy.

The trial court sustained VMI's demurrer to the breach of contract counts, finding, as asserted in the demurrer, that Fun had "received the notice of non-renewal required by her contract and was not dismissed during her contractual term." Based on this same finding, the trial court sustained VMI's demurrer to Fun's third count, holding Fun "did, in fact, work out her one-year contract," had no property interest in employment at the Institute beyond the 1989-90 term, and had not been denied any constitutionally guaranteed due process right.

Fun sought review of the action of the trial court in sustaining VMI's demurrers. We awarded Fun an appeal limited to this issue, and we will reverse this judgment.[2]

■ While a pivotal issue in this case may be whether VMI provided Fun with timely notice of nonrenewal of her contract, the dispositive issue in this appeal is whether her pleadings state a cause of action. A demurrer, unlike a motion for summary judgment, does not allow the court to evaluate and decide the merits of a claim; it only tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. In reviewing the action of the trial court, we, like the trial court, are confined to the facts as they are alleged in the motion for judgment. *Elliott* v. *Shore Stop, Inc.*, 238 Va. 237, 239-40, 384 S.E.2d 752, 753 (1989).

---

[2] VMI's first demurrer to the breach of contract counts was overruled and VMI was allowed to file an amended demurrer to these counts. Although Fun assigned error to the trial court's action in allowing VMI to file an amended demurrer and VMI asserted cross-error to the overruling of its original demurrer to Counts I and II, we denied appeals on those issues.

Fun clearly alleged an employment contract with separate specific procedures attaching to employment termination through dismissal or nonrenewal. She alleged that VMI failed to comply with either of those procedures and that she was damaged as a result of that failure. Fun repeatedly asserted in her pleadings that VMI did not provide her with timely notice of nonrenewal of her contract because the notice set out in the November 30 letter was not a notice of nonrenewal, but was a letter of dismissal.

These allegations could be ignored if the November 30 letter flatly contradicted the interpretation Fun placed on the letter. However, that letter, attached to the pleadings, makes no reference to nonrenewal of the employment contract, but refers instead to ''regulations for dismissal.'' To the extent the exact nature of the letter is in doubt, for purposes of consideration of VMI's demurrer, the doubt must be resolved in favor of the construction given the letter by Fun in her pleadings, that is, that it was a letter of dismissal.

■ Here, in order to hold that Fun received notice of nonrenewal and was not dismissed by VMI, the trial court had to reject Fun's allegations, accept VMI's view of the facts, and resolve the claim on the merits. In the context of consideration of a demurrer, this was error. Accordingly, we conclude that Fun sufficiently alleged a cause of action for breach of contract.

■ Count III of Fun's pleadings, however, does not state a cause of action under 42 U.S.C. § 1983. While Fun identified a property interest in her continued employment at the Institute and alleged that she was denied access to the Institute's established dismissal procedures, she did not assert any inadequacy in dismissal procedures themselves. Deprivation of property by the random and unauthorized acts of state officials or employees in contravention of established procedures does not offend due process requirements when adequate post-deprivation remedies exist. *Parratt* v. *Taylor*, 451 U.S. 527, 541 (1981). The instant case, a breach of contract cause of action which Fun filed against the Institute and its employees, provides Fun with an adequate post-deprivation remedy. *Easter House* v. *Felder*, 910 F.2d 1387, 1405 (7th Cir. 1990), *cert. denied*, ___ U.S. ___, 111 S.Ct. 783 (1991); *Kauth* v. *Hartford Ins. Co.*, 852 F.2d 951, 955 (7th Cir. 1988); *Hartwick* v. *Board of Trustees*, 782 F.Supp. 1507, 1515 (D. Kan. 1992).

Accordingly, we will affirm that portion of the trial court's judgment sustaining the demurrer to Count III of Fun's motion for judgment, reverse that portion of the judgment sustaining the demurrers

and dismissing the remaining counts, and remand the case for further proceedings.

*Affirmed in part,*
*reversed in part,*
*and remanded.*