## CIRCUIT COURT OF HENRY COUNTY

Spencer

v.

Tultex Corp. et al.

Case No. (Law) CL94-310

Riddle

v.

Tultex Corp. et al.

Case No. (Law) CL94-284

February 7, 1995

By Judge David V. Williams

These cases came to be heard on the defendant's demurrer and the plaintiff's motion to consolidate the above cases for trial.

I turn first to the demurrer. As we know, a demurrer admits the allegations of the motion for judgment and all attached exhibits, while denying that such allegations have legal significance. *CaterCorp., Inc. v. Catering Concepts*, 246 Va. 22 (1993). In ruling on the demurrer, the Court may not evaluate and decide the merits of the claim. The Court is limited to determining whether the facts, as alleged, state a cause of action. *Fun v. Virginia Military Institute*, 245 Va. 249 (1993).

Count I of the Spencer case and Count II of the Riddle case allege a violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* The demurrer to those two counts is overruled, with the exception that since punitive damages are unavailable under the Act, the demurrer to that aspect of the claim will be sustained. Count III of the Riddle case

alleging violation of the Equal Pay Act appears to state a cause of action, and the demurrer to that count is overruled.

Count II of the Spencer case alleging interference with plaintiff's rights under the Family and Medical Leave Act also appears to state a cause of action, and the demurrer to that count is overruled as well.

Count III of the Spencer case and Count IV of the Riddle case allege breach of contract. The demurrer to those counts is also overruled, except as it relates to punitive damages. That portion of the demurrer is sustained.

Count V of the Spencer case alleges a breach of implied covenant of good faith and fair dealing. I feel that the argument of the defendant is compelling, that Virginia does not recognize an implied covenant of good faith and fair dealing in employment contracts; and the demurrer to this count is sustained.

Count I of the Riddle case and Count IV of the Spencer case allege a claim for sex and pregnancy discrimination under the case of *Lockhart v. Commonwealth Education Systems*, 247 Va. 98 (1994). Under *Lockhart* and *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), Virginia public policy must be determined by reference to Virginia law. See also *White v. Federal Express Corp.*, 729 F. Supp. 1536 (E.D. Va. 1990), *aff'd* 939 F.2d 157 (4th Cir. 1991). The Court in both *Bowman* and *Lockhart* established narrow exceptions to the employment-at-will doctrine, limited to discharges which violate public policy as set forth in the Virginia statutes. As the Virginia statute in question, § 2.1-715, does not specifically enumerate pregnancy as a protected status, to the extent Counts I and IV allege discrimination on the basis of pregnancy, the demurrer is sustained.

I see no compelling reason to distinguish between at-will and contractual employees in this context, so the demurrer based on that rationale is overruled.

Turning now to the question of the individual liability of the non-corporate defendants. Clearly, they are not liable for any breach of contract claim, and they are dismissed from that claim. In regard to the plaintiff's FMLA and Equal Pay counts, plaintiff has at least made out a valid claim against the individual defendants, though I find the rationale set out in *Donavan v. Agnew*, 712 F.2d 1509 (1st Cir. 1983), for determining who is an employer, most compelling; and it may be appropriate at a later date to dismiss either or both of the individual defendants from this case.

Finally, I turn to the motion to consolidate. After careful consideration, I find that these cases should be consolidated for the purposes of discovery and trial.