## CIRCUIT COURT OF FAIRFAX COUNTY

Smoot Lumber Co.

v.

Pahlavani et al.

February 22, 1995

Case No. (Law) 134424

By Judge Thomas A. Fortkort

This case was taken under advisement on February 17, 1995, to consider the demurrer of cross-defendant Huttig to the cross-claim filed by Pahlavani. For the reasons set out below, the demurrer is overruled.

Farhoumand, the owner in this case, contracted with Pahlavani, principal of United, a construction company, to build a residence in Great Falls. Smoot, the supplier of specialty windows, is suing Pahlavani for amounts owing for a supply of construction materials. Pahlavani filed a counter-claim against Smoot alleging economic loss resulting from delays in Smoot's supplying special windows for the project. Smoot then filed a third party motion for indemnification against Huttig, Smoot's supplier of the windows, and against Farhoumand, alleging that if the windows were late, they were liable for the windows being delivered untimely and not being properly installed.

Pahlavani then filed a cross-claim against Huttig. Huttig demurs to this cross-claim, asserting that the cross-claim is barred by the economic loss rule, since there is no privity between Pahlavani and Huttig, Smoot being the only proper defendant as regards Pahlavani. Pahlavani replies that the economic loss rule applies only in negligence cases, and this action is brought for breach of warranty, and that the Code allows an action for breach of warranty even where privity is absent (Va. Code § 8.2-318).

It is true that under a breach of warranty theory there does not need to be privity under Virginia's codification of the U.C.C. Moreover the statute seems to say that the only allegation required is that the manufacturer could reasonably expect the goods to be used by the claimant. But it is

argued by Huttig that for a breach of warranty action to proceed without privity between the parties there has to be personal injury or property damage alleged, not merely economic loss. There is no Virginia authority directly on point, but cases have opined that to abolish privity in a contract case would open up a floodgate which would engulf contract in a wave of tort. See, *Sensenbrenner v. Rust*, 236 Va. 419, 424 (1988). Moreover, the Fourth Circuit *has* ruled that although § 8.01-318 removes the privity requirement in actions for personal injury or property damage, privity is still required in actions to recover purely economic loss damages. *Richmond, F. & P. RR. v. Davis Indus., Inc.*, 787 F. Supp. 572 (E.D. Va. 1992).

However, the Court cannot agree with Huttig that the economic loss rule bars Pahlavani's claim. The Court realizes that in light of the strong favor given to the economic loss rule by the Virginia Supreme Court, Pahlavani's cross-claim would likely be held to state no cause of action. However, it is not for this Court to say that such a cause does not exist in Virginia. That determination properly belongs with the Supreme Court, and in the absence of the disallowance of such a cause of action, this Court is inclined to allow the cross-claim to proceed. Until the Supreme Court decides otherwise, the claim at hand states a cause of action on its face and will therefore withstand Huttig's demurrer. See, *Fun v. Virginia Military Institute*, 245 Va. 249, 252 (1993).

Accordingly, the demurrer is overruled.