# CIRCUIT COURT OF CHESTERFIELD COUNTY

Karen S. Humphrey

v.

Columbia/HCA John Randolph, Inc., d/b/a
John Randolph Medical Center, et al.

June 26, 1998

Case No. CL97-802

BY JUDGE HERBERT C. GILL, JR.

The parties were before the Court by counsel on the defendant's demurrer. After reviewing the memoranda of the parties, the Virginia Code, and applicable case law, the Court will sustain the demurrer.

In this case, the plaintiff claims she was wrongfully discharged in retaliation for complaining about the conduct of a doctor. Plaintiff alleges that she told Dr. Jiho J. Han that he dispensed a misbranded drug, and as a result, the plaintiff was put on probation by the defendant, and then later, the plaintiff was terminated. As the basis for her claim, the plaintiff alleges that her termination violated the public policy of the Commonwealth of Virginia as it has been set forth in the Virginia Drug Control Act and the Virginia Human Rights Act.

As the parties have indicated in their memoranda, a demurrer tests the sufficiency of the allegations and whether the motion for judgment states a cause of action for which relief can be sought. *Fun v. Virginia Military Inst.*, 245 Va. 249 (1993). In ruling on a demurrer, the Court must consider as true all the facts alleged in the motion for judgment or those that are reasonably inferrable. *West Alexander Properties, Inc. v. First Va. Mortgage and Real Estate Inv. Trust*, 221 Va. 134 (1980).

Since 1906, the Virginia Supreme Court has reiterated Virginia's adherence to the employment-at-will doctrine. *Doss v. JAMCO, Inc.*, 254 Va.

362, 492 S.E.2d 441 (1997). However, the Court has recognized a narrow exception to the at-will doctrine which allows for a cause of action if the discharge is in violation of the public policy of the Commonwealth. *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985). In *Bowman*, the Court allowed a common law wrongful discharge action by former employees of a bank who were also stockholders. The plaintiffs alleged they were fired for stating they had voted their shares under duress and thus their votes were invalid. The Court held that since Va. Code § 13.1-32 specifically gave stockholders the right to vote free of duress, the termination was a violation of the Commonwealth's public policies and allowed the action. After the *Bowman* decision, the Supreme Court further held that a cause of action existed under the public policy exception for wrongfully discharging an employee on the basis of race or sex. *Lockhart v. Commonwealth Educ. Systems Corp.*, 247 Va. 98 (1994). The Court further clarified this exception to the employment-at-will doctrine in *Lawrence Chrysler Plymouth Corp. v. Brooks*, 251 Va. 94 (1996), holding:

> In *Bowman* and *Lockhart*, the plaintiffs, who were permitted to pursue causes of action against their former employers, identified specific Virginia statutes in which the General Assembly had established public policies that the former employers had contravened. Unlike the plaintiffs in *Bowman* and *Lockhart*, Brooks does not have a cause of action for wrongful discharge because he is unable to identify any Virginia statute establishing a public policy that Lawrence Chrysler violated.

*Id.* at 98-99.

The first statute relied upon by the plaintiff in this case is the Virginia Drug Control Act which prohibits the misbranding of any drug or delivery of a misbranded drug, a violation of which is punishable as a Class 2 misdemeanor. Va. Code Ann., § 54.1-3400 *et seq.* (Michie 1950 as amended). The question to be asked here is whether this statute states a public policy of the Commonwealth which is sufficient to support a *Bowman* claim for wrongful discharge. The plaintiff argues that the act was designed to promote the health of the residents of the Commonwealth and thus expresses a public policy. As Judge Payne pointed out in *Leverton v. Allied Signal, Inc.*, 991 F. Supp. 486 (E.D. Va. 1998), this is a difficult analysis to perform as all statutes are going to reflect policy considerations and would not be enacted by the General Assembly if they were not in the public's interest. While the Court would agree that the portion of the act cited here seeks to prevent misbranded

drugs from being distributed and thus protect members of the public, it is impossible for the Court to see this as an expression of a specific public policy on which the *Bowman* exception can be invoked in light of the case law defining such claims. Also, it is important to note that there is a specific criminal penalty and enforcement mechanism created by the Virginia Drug Control Act for a violation of this statute. This underscores the intent of the legislature that this statute was not to have a separate mechanism for civil enforcement under the exception to the at-will doctrine.

The second statute cited by the plaintiff in support of her wrongful discharge claim is the Virginia Human Rights Act. Va. Code Ann., §§ 2.1-714 *et seq.* (Michie 1950 as amended). In *Doss v. JAMCO, Inc., supra,* the Virginia Supreme Court held that in enacting § 2.1-725(D) of the Virginia Code, "the General Assembly plainly manifested an attempt to abrogate the common law with respect to causes of action for unlawful termination of employment based upon the public policies reflected in the Act." *Doss v. JAMCO, Inc.,* 492 S.E.2d 441, 447 (1997). This holding of the Supreme Court in *Doss* was in response to a certified question of law from the United States District Court for the Western District of Virginia asking, "Does Va. Code § 2.1-725(D) prohibit a common law cause of action based upon the public policies reflected in the Virginia Human Rights Act, Va. Code § 2.1-714 *et seq.?*" *Id.* at 442-443. Therefore, the Virginia Human Rights Act cannot support the plaintiff's cause of action in her motion for judgment.

After considering the motion for judgment in light of the applicable standard for a demurrer, the Court hereby sustains the demurrer with prejudice.