JUSTICE LACY, with whom JUSTICE KEENAN and JUSTICE KINSER
join, dissenting.
This appeal comes to us from an order of the trial court sustaining the defendants’ demurrer and dismissing the petition for writ of mandamus. Unlike a motion for summary judgment in which the trial court decides the merits of a claim, a demurrer only tests the sufficiency of factual allegations to determine whether the pleading states a cause of action. Fun v. Virginia Military Institute, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). To the extent factual matter is in doubt, the doubt must be resolved in favor of the allegations in the pleading. See id. at 253, 427 S.E.2d at 183.
In considering a demurrer the trial court is limited to consideration of the pleadings alone and may determine only whether the pleadings state a cause of action upon which relief can be granted. The trial court cannot resolve the merits of the case or expand the record before it by considering other evidence. In reviewing the deci *28 sion of the trial court overruling or sustaining a demurrer, we are likewise limited to consideration of the pleadings alone and the facts contained therein. Id. at 252, 427 S.E.2d at 183.
Applying these principles, I cannot agree with the majority’s conclusion that the petitioners, appellants here, failed in their burden to provide a record sufficient for us to review the decision of the trial court in this case. The record before us, although slim, contains the petition for a writ of mandamus, the demurrer, and the trial court’s order granting the demurrer and dismissing the case. No further record is necessary or proper for our consideration in resolving the issue presented by this appeal. In the procedural posture of this case, taking the allegations in the pleading as true as we must, I conclude that the petition for a writ of mandamus sufficiently states a claim upon which relief can be granted.
In order to prevail on a petition for a writ of mandamus to enforce the provisions of the Freedom of Information Act (FOIA), the material requested must be an “official record” maintained by a “public body” that is not exempt from disclosure under the terms of the Act. See Code §§ 2.1-342, -346. In this case, the petition for a writ of mandamus described the material requested (“tapes, transcripts, photos and reports generated by the City’s investigation of possible misconduct by employees” and “material generated by the surveillance” of a former employee and a non-employee), identified the public body maintaining the material sought (the City, the City Manager and the interim Chief of Police) and asserted that the material sought was not a personnel record.* Nothing on the face of the petition flatly contradicts the assertions the petitioners make with regard to the nature of the material sought.
The respondents argue that because the petitioners describe the material sought in the petition for writ of mandamus as relating to “possible misconduct” of employees the material is personnel records as a matter of law. Since employee misconduct is a personnel matter, argue respondents, the material is exempt from disclosure under the FOIA. Considering the pleadings as a whole, I disagree.
Personnel records are not defined by the FOIA. In the absence of provisions in the Act which unequivocally make the specific factual material described in this petition personnel records, the determination of whether the requested material constitutes personnel records *29 will require development of a factual record and examination of such things as the precise nature of the material sought, the practice of the City with regard to the material it maintains as personnel records and the application of the purposes of the FOIA itself. Although, as the majority notes, both the petitioners and the respondents allege factual matters relative to these factors in their arguments and briefs, those factual matters cannot be considered by us in this appeal.
At this stage, it is impossible to say that material described in the petition as held by city officials and concerning a former employee and non-employee is personnel records. Thus, as the majority notes, resolution of the ultimate issue in the case — whether the material sought is exempt from disclosure under the personnel records exclusion — requires additional development of the record. Nevertheless, I cannot conclude that the appellants-petitioners failed to provide a sufficient record to determine the issue presented in this appeal, whether the petition can survive the demurrer filed by the defendants. Regardless of whether the petitioners might ultimately prevail, I believe the petition sufficiently alleged a cause of action upon which relief could be granted.
This conclusion normally would require that the trial court’s judgment be reversed and the case remanded for further proceedings. However, the petitioners’ assignment of error and the arguments put forth under that assignment do not address the sufficiency of the pleadings. Rather, the petitioners argue the merits of the case, asserting that the records sought are as a matter of fact and law not personnel records. The petitioners do not ask that the case be remanded for further proceedings but that we conclude that the material requested is not personnel records and enter an order requiring production of the requested material. The relief requested by the petitioners, although within the scope of appellate review when considering a trial court’s action on a motion for summary judgment, is not available when reviewing the sustaining of a demurrer. Accordingly, I would dismiss the appeal as improvidently granted.

 Petitioner’s assertion that the material sought is not a “personnel record” is a mixed conclusion of fact and law. Although we are not required to accept bare conclusions of law on demurrer, we are required to accept conclusions that turn on the resolution of factual disputes.