# CIRCUIT COURT OF THE CITY OF NORFOLK

Jack Quinn's Norfolk, L.L.C.

v.

Commonwealth Enterprises, L.L.C., et al.

February 28, 2002

Case No. (Chancery) CH01-1001

BY JUDGE CHARLES D. GRIFFITH, JR.

The Defendant's have filed a Demurrer and Motion to Strike or Dismiss the various claims set forth in the Plaintiff's Bill of Complaint. The Court, by this letter opinion, rules as follows with respect to the various counts set forth in the Bill of Complaint.

## Count 1

The Defendant's claim that paragraph 3(b) of the Lease is a stipulated damage provision which governs the maximum damages for which the Defendant may be responsible as a result of the Plaintiff's claim for breach of contract as set forth in Count 1 of the Bill of Complaint. The Plaintiff argues that the provision of the contract in paragraph 3(b) constitutes an unenforceable penalty provision and further argues that the Defendant breached its implied duty not to impede or interfere with the contract and finally, argues that the "prevention doctrine" applies, thereby prohibiting the Defendant from claiming the protections of paragraph 3(b) of the contract.

A Demurrer should not be sustained nor should a Motion to Strike be granted if the Bill of Complaint sets forth sufficient factual allegations upon which a claim can be made that a party is liable under the Bill of Complaint. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). With respect to the Plaintiff's claim that the Defendant breached the contract, the Bill of Complaint sets forth numerous factual claims in support thereof.

While the Court agrees that the Defendant makes a plausible argument that paragraph 3(b) of the contract sets forth a liquidated damages provision, the inquiry for the Court in the consideration of Defendant's Demurrer and Motion to Dismiss does not end there. Where a party, as a result of its own conduct, causes a breach or prevents specific events from occurring, such party cannot thereafter invoke the protection of a contractual provision, the breach of which was caused by such parties' conduct. *Parrish v. Whiteman,* 184 Va. 86, 92-93 (1945). Further, the Bill of Complaint claims that the Defendant failed to carry out its responsibility to insure the timely completion and delivery of the premises to the Plaintiff by, among other things, failing to acquire "title to the property of which the premises leased pursuant to the lease were a part at the time the parties executed the lease," (Bill of Complaint paragraph 14), failing to, "timely obtain funding necessary to perform landlord's work," (Bill of Complaint paragraph 19), failing to, "timely engage a contractor which they were obligated to do under the lease as a prerequisite to performing the landlord's work," (Bill of Complaint paragraph 20), and failing to, "timely buy materials and pay contractors which they were obligated to do under the lease as a prerequisite to performing the landlord's work," (Bill of Complaint paragraph 21), such that the Defendant arguably breached an implied duty to do everything within their power to insure that the contract was properly performed. *Pope v. Guardrail,* 219 Va. 111, 118-19 (1978).

Granted, whether the Plaintiff sustains its allegations by proof is a question of fact for the trier of fact. However, on the allegations set forth in the Bill of Complaint, the Plaintiff has set forth sufficient allegations which may sustain the claim for breach of contract. Therefore, the Court overrules the Defendant's Demurrer and Motion to Strike with respect to Count I of the Bill of Complaint.

### *Demurrer to Count II*

In Count II of the Bill of Complaint, the Plaintiff alleges breach of an alleged oral agreement and guarantee by the Defendant to deliver the premises to the Plaintiff on or before July 21, 2000, in "vanilla shell" condition as required under Exhibit G of the Lease. As evidence of the oral agreement, Plaintiff relies upon a letter dated June 21, 2000, and attached to the Bill of Complaint as Exhibit 4, addressed to the Defendants by the Plaintiff wherein the Plaintiff confirms a conversation of the day before wherein the Defendant orally promised to deliver said premises on or before July 21, 2000.

In its Demurrer, the Defendant claims that the Lease controls the allegations of the parties and references paragraph 33(a) which sets forth that the Lease cannot be modified except by a writing signed by the party against whom the modification is to be enforced. In support thereof, the Defendant cites *Pettyjohn v. National Exchange Bank of Lynchburg*, 101 Va. 111, 43 S.E. 203 (1903). *Pettyjohn* is cited for the principle that an express written contract may not be modified by oral terms absent a clear expression of the parties' intent otherwise.

Plaintiff cites several cases in support of its position that oral modifications to contracts are permitted. However, the Court is not persuaded that the principles argued by Plaintiff are present in the instant case. "The general rule is that a new promise, without other consideration than the performance of an existing contract in accordance with its terms, is a naked promise without legal consideration therefor and unenforceable." *Seward v. Insurance Co.*, 154 Va. 154, 168 (1930).

Although the Plaintiff alleges an oral agreement and guarantee by the Defendant to deliver the premises to the Plaintiff on or before July 21, 2000, said allegation is not supported by sufficient claims of consideration which justify a determination that the written contract between the parties has been abandoned or substituted by the parties. In fact, Plaintiff seeks to enforce the original contract lease against the Defendant in this action.

Therefore, the Court sustains the Defendant's Demurrer to Count II of the Bill of Complaint. The Plaintiff may amend the Bill of Complaint, if it be so advised, within fourteen days of the date of this Order.

### Demurrer to Count III

Defendants claim that the Plaintiff has failed to allege sufficient facts to support either its claims for fraud as set forth in Count III of the Bill of Complaint or constructive fraud as set forth in Count IV of the Bill of Complaint. The Plaintiff specifically alleges that the Defendants either intentionally failed to disclose that they did not own the premises which are the subject of the Lease or that, alternatively, the Defendants mistakenly failed and omitted to inform the Plaintiff that it did not have title to the property that was the subject of the Lease and that, by entering into the Lease, the Defendant affirmatively misrepresented its ability to carry out the terms of the Lease and that such action amounted to constructive fraud.

In support of its Demurrer, the Defendant claims that the Plaintiff can rely on no representations not contained in the contract, that fraud can only occur through concealment if the other party could not have learned of the information on their own, and that the "after acquired property doctrine"

permits the Defendants to contract to lease property not currently owned at the time the Lease agreement was executed.

The Court agrees with the Plaintiff that the "after acquired property doctrine," is a doctrine that provides that the contracting party does not breach its contract until the time for performance arrives. However, in this case, the Plaintiff did not contract to purchase property from the Defendant. The Plaintiff signed a lease in which the Defendant represented that it would lease certain premises to the Plaintiff, and several corresponding obligations of the respective parties were provided for. Further, the Defendant specifically provided in the Lease for the later sale by the landlord of the premises. See Lease paragraph 6(b). By this provision, the Defendant, arguably, represented that it actually owned the property at the time of entering the lease.

Had the Defendant advised the Plaintiff that the lease was subject to Defendant's acquisition of the property in the future, the Plaintiff would not be able to claim that they were induced to enter the lease based upon the uncertain possibility that the Defendant might acquire title to the premises. Whether the Plaintiff can carry its burden of proving fraud, either actual or constructive, is a question of fact. The Plaintiff has alleged sufficient facts to support such claims, however. Therefore, the Defendant's Demurrers to Counts III and IV are overruled.

### Demurrer to Count V

The Plaintiff has consensually withdrawn Count V as an affirmative claim. Therefore, the Court will not address the Defendant's Motion for Demurrer to Count V at this time. However, because the Plaintiff alleges equitable estoppel against claims of the Defendant that the Plaintiff should not properly have relied upon any representations relating to the Defendant's ability to supply the premises within a reasonable time frame from the date of contracting, the Court will not strike the pleadings in that regard.

### Demurrer to Count VI

The Defendant claims that the Plaintiff's claim of negligence in Count VI are really allegations of violation of contractual responsibilities set forth in the Lease between the parties. The Plaintiff counters that the allegations are those that arise from the relationship that a landlord holds to a tenant.

The Court finds that *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 507 S.E.2d 344 (1998), controls the disposition of this issue. Unlike the cases cited by the Plaintiff, *Provident Bank v. O'Brien*,

53 Va. Cir. 107 (2000), and *Nistrom v. Service Robots, L.L.C.*, 2000 WL 249246 (Va. Cir. 2000), the Plaintiff's allegations in Count VI do not claim fraud in the inducement. The Plaintiff's claims are based upon an alleged failure of the Defendant to take certain actions that were contracted for. The action does not lie in negligence. Therefore, the Defendant's Motion to Dismiss Count VI is granted.

### Demurrer to Count VII

The Plaintiff seeks declaratory judgment regarding the lease commencement date and whether the Plaintiff has a right to offset claimed rent obligations payable to the Defendant based upon the Plaintiff's damages claims in the instant action. Further, the Plaintiff seeks an injunction from this Court prohibiting the Defendant from attempting to remove the Plaintiff from the premises pending a final resolution of this dispute.

The Defendant claims that the Court should not entertain the Plaintiff's Request for Declaratory Judgment because the lease provisions in paragraph 6(a) provide that rent is to be paid "without deduction or offset." Further, the Defendant claims that for the Court to enjoin the Defendant from attempting to remove the Plaintiff from the premises would be a violation of the Defendant's Due Process Rights.

Whether to entertain a declaratory judgment action is discretionary. In the instant case, the Court finds that the issues joined by the Plaintiff are such that the Court should consider whether the Plaintiff is entitled to offset rent payments against any damages claimed. Further, because any action by the Defendant attempting to remove the Plaintiff from the premises pending this action would substantially harm the Plaintiff pending resolution of these issues, the Court will consider the Plaintiff's Request for Injunctive Relief. Therefore, the Defendant's Demurrer to Count VII is overruled.

It is so ordered.