# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

James N. Fitzgerald, Jr.,
Administrator

v.

Paula F. Deane
and Wachovia Bank, N.A.

November 13, 2002

Case No. (Law) 02-90

BY JUDGE EDWARD L. HOGSHIRE

This letter addresses demurrers filed by Defendants Deane and Wachovia with respect to a suit filed by Plaintiff Fitzgerald, seeking to recover funds paid by Wachovia to Ms. Deane by reason of a deposit account established by the decedent. The Court heard argument on the demurrers on August 12, 2002, and now overrules the demurrers with respect to both defendants.

The principle document at issue in this case is the Signature/Ownership Card, dated October 14, 1999. Plaintiff contends that this card demonstrates the decedent's intent to create an individual deposit account, as evidenced by his designation of "Individual" as the ownership classification, as opposed to "Other." Ms. Deane and Wachovia argue that the card indicates decedent's intent to establish a multi-party account, since the statement "P.O.D. Paula F. Deane" immediately follows his name in the Account Title/Depositors section.

In ruling on a demurrer, the Court may not evaluate and decide the merits of the claim, but rather must limit its inquiry to determining whether the facts, as alleged in the motion for judgment, state a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249 (1993). In the motion for judgment, Plaintiff asserts that the absence of a P.O.D. designation in the ownership portion of the card reflects decedent's intent to establish something other than a P.O.D. account. Plaintiff further claims that decedent's statements at two subsequent family meetings, that he wished to divide the funds in a different manner,

support this contrary intent and that Ms. Deane had agreed to accept the terms of this division. The facts, as alleged, support a cause of action against Ms. Deane for wrongfully possessing property belonging to decedent's estate contrary to the agreements made at family meetings and against Wachovia for negligently paying funds to Ms. Deane. If, as alleged, the plaintiff can establish that the absence of the P.O.D. designation in the ownership section of the card corroborates his claims regarding the decedent's intent, then a clear question of fact as to that intent is presented in the pleadings; consequently, both demurrers should be overruled.

Wachovia argues that its demurrer should be sustained in light of a statutory waiver of its liability. Code of Virginia § 6.1-125.13 provides that a payment made pursuant to § 6.1-125.11 discharges the financial institution from all claims, whether or not the payment is consistent with the beneficial ownership of the account. Wachovia asserts that this statutory immunity should result in the dismissal of Plaintiff's claims against it. But, under the pleadings here, a question of fact remains as to whether Ms. Deane was properly named as a P.O.D. payee or that the decedent intended the ownership of the account to vest with Ms. Deane. Thus, Wachovia's immunity plea, at least at this juncture, should be denied.

Ms. Deane argues that Plaintiff, in bringing this action, creates a conflict of interest between his role as Administrator and his status as an intestate heir, and plaintiff submits that the claim against Ms. Deane should be transferred to the equity side of the court. These issues have not been fully explored in the briefs and will be reserved for a later hearing if not resolved between the parties in the meantime.