# CIRCUIT COURT OF THE CITY OF RICHMOND

Preston L. Reed
and Felice L. Reed

v.

Litton Loan Servicing, L.P.

May 26, 2004 .

Case No. LR-2617-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case the defendant, Litton Loan Servicing, L.P. (Litton), has demurred to plaintiffs' Amended Motion for Judgment. A demurrer tests the sufficiency in law of the allegations made by plaintiff. *Fun v. Virginia Military Inst.*, 245 Va. 249, 427 S.E.2d 181 (1993).

In two counts, plaintiffs claim that Litton, a mortgage loan servicer, violated the Virginia Consumer Protection Act (VCPA) and committed fraud by charging fees which were not authorized under their mortgage loan. They seek damages and attorney's fees as well as punitive damages. In its demurrer, Litton asserts that federal law in the Federal Consumer Credit Protection Act covers consumer real estate transactions which are excluded under the VCPA. Litton contends that plaintiffs have not alleged facts that are a misrepresentation for purposes of the VCPA and fraud. Further, as to fraud, Litton argues that plaintiffs have failed to allege fraud with particularity and have failed to allege a common law duty. Finally, Litton says that plaintiffs have not alleged a proper claim for punitive damages.

The Virginia Consumer Protection Act specifically provides that it does not apply to "[t]hose aspects of a consumer transaction which are regulated by the Federal Consumer Credit Protection Act." Va. Code Ann. § 59.1-199(c) (Michie 2001); *see also Graham v. RRR, L.L.C.*, 202 F. Supp. 2d 483, 490 (E.D. Va. 2002). It is presumed that unless Congress has clearly

manifested an intention to totally regulate an area of law, there is no preemption of state law. *Cipollone v. Liggett Group,* 505 U.S. 504, 516 (1992). "In the absence of an express congressional command, state law is preempted if that law actually conflicts with federal law or if federal law so thoroughly occupies a legislative field 'as to make reasonable the inference that Congress left no room for the States to supplement it'." *Id.* (citations omitted). Litton has argued that the FCCPA totally regulates the field of consumer real estate transactions. The court does not agree.

As stated in the exclusion, the VCPA is only preempted in those specific "aspects" regulated by the FCCPA. The only case cited by Litton to state otherwise is *Smith v. United States Credit Corp.,* 626 F. Supp. 102, 103 (E.D. Va. 1985), *aff'd* 801 F.2d 661 (4th Cir. 1986). Litton argues that under *Smith* the VCPA is inapplicable to consumer real estate transactions. However, *Smith* dealt with a specific "aspect" of the FCCPA, failure to give proper disclosures of the cost of credit. This makes *Smith* inapposite. Litton has failed to provide a specific, applicable provision of the FCCPA that would preempt the VCPA. Without any "aspect" regulated by the FCCPA, plaintiffs' claim under the VCPA properly lies as a cause of action. The court comes to this conclusion considering that Litton relies on that "aspect" of the FCCPA, which regulates fraudulent practices by debt collectors, the Federal Debt Collection Practices Act (FDCPA). Plaintiffs are correct in their assertion that the FDCPA only applies to "debt collectors" and that Litton does not qualify as a "debt collector" under the Act. In fact, loan servicing companies such as Litton are excluded from the definition of "debt collectors" unless the loan was in default at the time the servicing company began servicing the account. 15 U.S.C. § 1692a(6)(F)(iii). There is no allegation that this is the situation here, therefore, the exclusion would apply. For these reasons, Litton's demurrer to Count I is overruled.

Next, as to Litton's argument that the plaintiffs have failed to state an actionable misrepresentation under the VCPA and fraud, Virginia Code § 59.11-200 lists those practices which constitute violations of the Act. Subsection 14 provides that "[u]sing any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction" is prohibited. The Amended Motion for Judgment alleges that Litton "wrongfully and deceitfully charg[ed] the Reeds for forbearance payments, force-placed insurance, illegal late charges, fee assessments, corporate fees, and corporate advances" thereby "engag[ing] in deceitful and fraudulent conduct." *Amended Motion for Judgment,* ¶ 22. Additionally, plaintiffs have alleged that "Litton required the Reeds to pay each of such charges under the threat of foreclosure, even though Litton had no basis under the loan documents for imposing such fees." *Id.* at ¶ 12. This assertion

made with a claim that Litton made "material misrepresentations," made "intentionally," which Litton knew were false, and reliance adequately pleads causes of action for fraud under the VCPA and at common law.

Lastly, regarding punitive damages, Plaintiffs claim that the actions of Litton were "willful and malicious or in conscious disregard for the rights of others." *Id.* at ¶ 33. This statement, in conjunction with the prior allegations regarding fraud, is sufficient for a request for punitive damages, given that plaintiffs have alleged an intentional tort.

Ms. Taylor can prepare and submit an order overruling the demurrer with exceptions noted.