# CIRCUIT COURT OF LOUISA COUNTY

Alan W. Rogers

v.

Louisa County,
Gregory Hoffman,
and Caleb Sulzen

January 12, 2012

Case No. CL10-385

BY JUDGE TIMOTHY K. SANNER

The purpose of this letter is to address the one remaining issue with respect to the multiple demurrers and pleas in bar filed by the defendants with respect to the above-referenced case. The sole issue remaining is whether the statement in numbered paragraph nine of the First Amended Complaint is defamatory. The statement, allegedly made by Caleb Sulzen is "I personally did not inspect the retaining wall, but I relied on Allen Roger's description of the wall's construction when I prepared the letter" (referring to the April 6, 2009, letter). Caleb Sulzen contends that the statement is not defamatory as a matter of law and, accordingly, demurred to it.

There is no disagreement about the legal standard which must be applied in ruling on a demurrer. "In any suit in equity or action at law, the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer." Virginia Code § 8.01-273. A demurrer admits the allegations of fact in the complaint and all attached exhibits, but does not admit conclusions of law. *Ward's Equipment, Inc. v. New Holland*, 254 Va. 379, 493 S.E.2d 516 (1997). In ruling on a demurrer, the Court may not evaluate and decide the merits of a claim. The Court is limited to determining whether the facts as alleged state a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 427 S.E.2d 181 (1993). On a demurrer, a Court may examine not only the substance of the allegations of the pleadings attacked but also any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 400 S.E.2d 156 (1991).

The Court would tend to agree with the defendant that the statement, taken by itself, does not appear to be defamatory. The Court is required, however, to consider the statement along with all the other allegations made in the First Amended Complaint and to the give the plaintiff the benefit of all reasonable inferences. In doing so, the Court finds that the First Amended Complaint can be understood as alleging that Sulzen is contending that the plaintiff, who constructed the wall and who would be familiar with its construction, knowingly misrepresented the nature of the faulty construction, inferentially for purposes of passing any inspection conducted by Sulzen. Sulzen is alleged to have made the statement to Snyder, his supervisor, and to yet unnamed others.

"It is a general rule that allegedly defamatory words are to be taken in their plain and natural meaning and to be understood by courts and juries as other people would understand them, and according to the sense in which they appear to have been used. In order to render words defamatory and actionable it is not necessary that the defamatory charge be in direct terms but it may be made indirectly, and it matters not how artful or disguised the modes in which the meaning is concealed if it is in fact defamatory. Accordingly, a defamatory charge may be made by inference, implication, or insinuation." *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 82 S.E.2d 588 (1954), citing *James v. Powell*, 154 Va. 96, 152 S.E. 539 (1930), and *Moss v. Harwood*, 102 Va. 386, 46 S.E. 385 (1904). See also *Schnupp v. Smith*, 249 Va. 353, 457 S.E.2d 42 (1995). Consequently, while the words do not directly defame the plaintiff, the Court finds that they may be found to do so by inference, implication, or insinuation. Consequently, Sulzen's demurrer is overruled.

Consistent with the order entered December 22, 2011, the plaintiff shall file a Bill of Particulars within twenty-one days of the date of this ruling particularizing the identity of "the others" referenced in paragraph nine of the First Amended Complaint.