# CIRCUIT COURT OF GILES COUNTY

Jill Hopkins

    v.

H. Clayton Davis,
and the Virginian-Leader Corp.

March 17, 2016

Case No. CL15000353-00

By Judge Robert M. D. Turk

The parties came before the court on February 19, 2016, pursuant to demurrers filed by the defendants to a complaint filed by Ms. Jill Hopkins. The complaint alleges the causes of action of defamation, tortious interference, business conspiracy, and common law conspiracy. Each of the parties has briefed their positions, as well as arguing them before the court on February 19th. The court has reviewed the complaint, briefs, and other documents submitted at arriving at its decision herein.

"A demurrer, unlike a motion for summary judgment, does not allow the court to evaluate and decide the merits of a claim; it only tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action." *Fun v. Virginia Military Institute*, 245 Va. 249, 252, 427 S.E.2d 81 (1993). "For purposes of evaluating a demurrer, a court assumes that all material facts, implied facts, and reasonable inferences from those facts that are properly alleged in the complaint are true." *Desetti v. Chester*, 290 Va. 50, 772 S.E.2d 907 (2015).

The allegations in the complaint arise from a Letter to the Editor printed in the *Virginian-Leader*'s opinion page. The complete letter is set out on page 6, paragraph 20, of the complaint. After reviewing the content of the letter, the court hereby finds that the statements at issue in this case are not defamatory.

The plaintiff has also made claims of tortious interference, business conspiracy, and common law conspiracy. These three additional claims are all predicated on the letter being defamatory. These claims are all based on an unlawful act or an unlawful purpose, such as the defamation claim. Therefore, the court will sustain the demurrers to those counts as well.

The Court, as mentioned above, has reviewed The Letter to the Editor and, in reading it as a whole or in bits and pieces, the court finds that it does not meet the definition of defamation. Therefore, the court does not believe there is any way that the plaintiff can amend in order to state a cause of action in this case. The court would, therefore, order that the demurrers are sustained with prejudice and would further order the matter to be ended at this time.