# P. M. Palumbo, Jr., m.d., inc.

## v.

# Dean R. Bennett, m.d.

Record No. 901551

September 20, 1991

Present: Carrico, C.J., Compton, Stephenson, Russell,* Whiting, Lacy, and Hassell, JJ.

---

\* Justice Russell participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1991.

*Gerald R. Walsh (Robert F. Donnelly, Jr.; Walsh & Cremins,* on briefs), for appellant.
*Hope B. Eastman (Stephen H. Paley; Frances Pierson Dwornik; Paley, Rothman, Goldstein, Rosenberg & Cooper; Odin, Feldman & Pittleman,* on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

The sole and narrow issue we consider in this appeal is whether an employment contract which violates Code § 13.1-546 is void and unenforceable.

The trial court decided this case on a demurrer, and, therefore, we shall recite the facts in accordance with well-established principles that a demurrer admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from alleged facts. *Bowman* v. *State Bank of Keysville,* 229 Va. 534, 536, 331 S.E.2d 797, 798 (1985).

P.M. Palumbo, Jr., M.D., Inc. (Palumbo), is a Virginia professional corporation which provides medical services in orthopaedics and orthopaedic surgery. Dean R. Bennett, M.D., an orthopaedic physician, executed an employment contract with Palumbo. The contract, captioned "Independent Contractor Agreement," provided that Bennett would act as an independent contractor and

that he would perform professional services as an orthopaedic surgeon for Palumbo. The contract contained certain restrictive covenants, including a covenant which prohibited Bennett from competing with Palumbo.

Bennett decided to terminate the contract and informed Palumbo of his decision. Thereafter, Bennett allegedly breached several of the contract's restrictive covenants, including the covenant not to compete.

Palumbo filed this suit to enforce the provisions of the contract and to obtain injunctive relief and damages. Bennett filed a demurrer on several grounds, including an assertion that the contract is illegal and unenforceable. Bennett argued that the contract violated Code § 13.1-546 because an independent contractor is not an officer, employee, or agent who can legally render professional services for Palumbo. The chancellor considered memoranda and argument of counsel and granted the demurrer, concluding that the contract violated Code § 13.1-546 and, therefore, the contract was void and unenforceable. We granted Palumbo an appeal.

Palumbo argues that Code § 13.1-546 is not an exercise of the police power of the Commonwealth which would render the contract unenforceable and, therefore, the chancellor erred when he granted the demurrer and dismissed the proceeding.

Code § 13.1-546, in relevant part, states:

> No corporation organized and incorporated under this chapter may render professional services except through its officers, employees and agents who are duly licensed or otherwise legally authorized to render such professional services within this Commonwealth . . . .

Paragraph 2 of the contract states:

*Relationship of Parties.*

> The Contract Physician is performing services for the Corporation as an independent contractor and not as an employee. The Corporation is interested in the results to be achieved, and the conduct and control of the services will lie solely with the Contract Physician. The Contract Physician shall not be considered an agent, employee, or partner of the Corporation for any purpose. The Contract Physician is not

entitled to any of the benefits that the Corporation provides for its employees. All income from the services of the Contract Physician shall belong to the Corporation.

We agree with the chancellor that the contract violates Code § 13.1-546 because the statute does not allow a professional corporation to render professional services through an independent contractor. Thus, we must now consider whether Palumbo may maintain an action to enforce the contract.

We have held that, generally, a contract to perform an act prohibited by a statute is void and that an action will not lie to enforce the contract. *Blick* v. *Marks, Stokes and Harrison,* 234 Va. 60, 64, 360 S.E.2d 345, 348 (1987); *Niemeyer* v. *Wright,* 75 Va. 239, 243 (1881); *Middleton* v. *Arnolds,* 54 Va. (13 Gratt.) 489, 489-90 (1856). This rule, however, is subject to certain exceptions.

> The courts should always look to the language of the statute, the subject matter, the wrong it seeks to prevent, and the purpose to be accomplished in its enactment; and if from these it is manifest that it was *not intended* to render the act in contravention of the statute void, the courts will so hold.

*Watters & Martin* v. *Homes Corp.,* 136 Va. 114, 127, 116 S.E. 366, 370 (1923) (emphasis in original). Thus, we must discern the relevant legislative intent and ascertain whether it was manifestly intended that a contract, which violates Code § 13.1-546 would be unenforceable. The legislative intent must be ascertained by examination of the plain words used in the statute.

Chapter 7 of Title 13.1, of which Code § 13.1-546 is a part, is entitled "Professional Corporations." This chapter contains several statutes relating to professional corporations and was enacted by the General Assembly in 1970. Code § 13.1-542, which is the first statute contained in Chapter 7 and is entitled "Legislative intent", states:

> It is the legislative intent to provide for the incorporation of an individual or group of individuals to render the same professional service to the public for which such individuals are required by law to be licensed or to obtain other legal authorization from the Commonwealth of Virginia.

■ Code § 13.1-546 permits certain professionals, who are duly licensed or legally authorized to practice their professions in this Commonwealth, to render professional services as officers, employees, or agents of a professional corporation. These professionals could not render professional services as officers, agents, or employees of a professional corporation before the enactment of Chapter 7 of Title 13.1.

■ We hold that the chancellor erred when he sustained the demurrer because we conclude that Code § 13.1-546 was not intended to be an exercise of the Commonwealth's police power. Not only does the plain language of the statute support this conclusion; Code § 13.1-546 does not mention contracts, nor does it contain a penalty within its provisions. Code § 13.1-546 was enacted to ensure that officers, employees or agents of professional corporations who render professional services are duly licensed or legally authorized to render such services in this Commonwealth.

■ Our holding that Code § 13.1-546 is not an exercise of the Commonwealth's police power is consistent with other decisions of this Court. For example, in *Watters & Martin*, stock in a proposed corporation was sold without compliance with Virginia's "Blue Sky Laws." A subscriber sought to avoid a stock subscription. We held that the purpose of the "Blue Sky Laws" was to give the State Corporation Commission the power to regulate the sale of certain securities and to prevent unfairness, not to render void and unenforceable contracts made in violation of the statute.[1] 136 Va. at 128, 116 S.E. at 370. In *Niemeyer*, we permitted a seller to recover on contracts of sale for fertilizer, even though the fertilizer was sold in violation of statutes imposing labeling requirements. We held that it was not the intent of the legislature that contracts in contravention of the statutes would be void. 75 Va. at 248. In *Middleton*, we examined a statute which prohibited the conveyance and taking of pretensed titles. We permitted an action to proceed that was filed to recover the purchase price. The purchasers defended the action on the ground that they and their vendors had violated the statute because they knowingly sold and purchased a pretensed title. 54 Va. (13 Gratt.) at 493.

---

[1] After the decision in *Watters & Martin*, the General Assembly amended the statute to provide that contracts made in violation of the "Blue Sky Laws" would be voidable at the election of the purchaser of the security. *Massie* v. *Dudley*, 173 Va. 42, 54, 3 S.E.2d 176, 181 (1939).

Bennett, relying upon *Lasting Products Co.* v. *Genovese*, 197 Va. 1, 8, 87 S.E.2d 811, 816 (1955), argues that Code § 13.1-546 is an exercise of police power of the Commonwealth and, therefore, the contract is void and unenforceable. However, the identical argument advanced by Bennett was explicitly rejected by this Court in *Blick*:

> To be compared, not confused, with the foregoing line of cases [*Watters & Martin, Niemeyer,* and *Middleton*] is a different set of decisions . . . . These cases stand for the proposition that "a contract made in violation of a statute enacted to protect the public against fraud, imposition, or to safeguard the public health, or morals, is illegal and unenforceable by the guilty party." *Lasting Products Co.* v. *Genovese*, 197 Va. 1, 8, 87 S.E.2d 811, 816 (1955). *See*, e.g., *Cohen* v. *Mayflower Corp.*, 196 Va. 1153, 86 S.E.2d 860 (1955); *Rohanna* v. *Vazzana*, 196 Va. 549, 84 S.E.2d 440 (1954); *Bowen Electric Co.* v. *Foley*, 194 Va. 92, 72 S.E.2d 388 (1952); *Colbert* v. *Ashland Construction Co.*, 176 Va. 500, 11 S.E.2d 612 (1940). This line of decisions is not controlling here because the statute at issue is not of the type construed in those cases, which involved an exercise of the police power of the State.

*Blick*, 234 Va. at 66-67, 360 S.E.2d at 349.

Insofar as the chancellor ruled that the contract is unenforceable as a violation of Code § 13.1-546, we will reverse the decree and remand the cause for further proceedings.

*Reversed and remanded.*