## CIRCUIT COURT OF FAIRFAX COUNTY

Harold Bloom et ux. et al.

v.

Southeastern Investment Corp. et al.

January 27, 1992

Case No. (Law) 103879

BY JUDGE F. BRUCE BACH

This matter comes before the Court on defendants' Jolly, Place, Fralin & Prillaman, P.C., Motion for Summary Judgment as to Count II of the Motion for Judgment. Oral argument was heard on January 3, 1992, after which the Court took the issue under advisement.

The Motion for Summary Judgment relies on the fact that Count II seeks economic damages, under a tort theory of liability, as a result of the negligence of the law firm of Jolly, Place. Because the defect alleged by the Motion for Summary Judgment is more properly raised by demurrer, the Court will treat the defendants' motion as a demurrer.

In 1987 the Virginia Supreme Court addressed the issue of a plaintiff's right to recover in tort for economic damages. *Blake Construction Co. v. Alley*, 233 Va. 31 (1987). In *Blake*, the Court considered whether a cause of action exists in Virginia for a contractor to recover from an architect or engineer for economic loss in the absence of privity. The Court held that the absence of privity was fatal to the contractor's claim in tort when the damages were solely economic. *Id.* at 36.

The Virginia Supreme Court next addressed the issue of economic losses in *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419 (1988). The Court carefully distinguished between economic losses and injuries to persons or property. Cases from other jurisdictions, most notably from Illinois, were examined by the Court. The plaintiffs in *Sensenbrenner* sought to classify their damages as being more than

economic in order to recover from the defendants in the absence of privity. The Court discussed the rationale between contract and tort law, stating:

> The controlling policy consideration underlying tort law is the safety of persons and property — the protection of persons and property from losses resulting from injury. The controlling policy considerations underlying the law of contracts is the protection of expectations bargained for.

*Id.* at 425. The Court found that the damages in *Sensenbrenner* were solely economic and that in the absence of privity, there could be no recovery in tort.

The issue of tort recovery for economic damages was again considered by the Virginia Supreme Court in *Rotonda Condominium Association v. Rotonda Associates*, 238 Va. 85 (1989). In *Rotonda*, the Condominium Association was in privity with the defendant developer, Rotonda Associates. The Court affirmed the trial court's ruling dismissing the case because the Condominium Association lacked standing, but added in broad language that:

> The foregoing holding also subsumes the Association's final assignment of error, which asserts that the trial court erred in dismissing its count for "negligent repairs." It is apparent from the motion for judgment and the Association's argument concerning this count, that the Association sought only to recover damages for the economic losses associated with the cost of repairing the defects in the common elements. *Such economic losses are not recoverable in tort; they are purely the result of disappointed economic expectations. The law of contracts provides the sole redress for such claims.*

*Id.* at 90. (Emphasis added). Despite privity, the Court recognized that the Condominium Association's economic damage claim must be asserted under a contract theory of liability.

The Virginia Supreme Court has considered economic damages in the context of attorney malpractice in the case of *Copenhaver v. Rogers*, 238 Va. 361 (1989). In *Copenhaver*, grandchildren sued their grandparents' attorney claiming that he was negligent in the preparation of their grandparents' will. The Court found that the grandchildren had no cause of action in tort against the attorney for solely economic losses absent privity. *Id.* at 366.

The precise issue of whether a client can recover in tort for economic losses from an attorney for malpractice when privity exists has not yet been addressed by the Virginia Supreme Court. The issue was recently considered by the Illinois Supreme Court. In *Collins v. Reynard, et al.*, — Ill. 2d, — (1991) WESTLAW No. 220561, the Illinois Supreme Court held that under their established Moorman Doctrine (*Moorman Mfg. Co. v. National Tank Co.*, 91 Ill. 2d 69 (1982), cited in *Sensenbrenner*, 236 Va. at 423, 424) a tort action seeking solely economic damages against an attorney for malpractice would not lie. The Illinois Supreme Court stated that absent the attorney's breach of a duty arising independently of the contract, there was no reason to allow a cause of action for attorney malpractice under a tort theory of negligence. *Id.* at —.

The threshold determination in this case is the type of damages the plaintiffs seek to recover. By order of Judge Thomas J. Middleton on November 22, 1991, the punitive damage claim against Jolly, Place was stricken with prejudice. The Motion for Judgment states that the plaintiffs have suffered compensatory monetary losses in the acquisition, retention and disposition of their condominium units. This language makes it clear that the damages the plaintiffs are seeking to recover are purely economic.

Applying the principals and law from the above decisions, the plaintiffs' cause of action based on attorney malpractice is properly the province of the law of contracts. Accordingly, the Court sustains the demurrer and dismisses Count II of the Motion for Judgment with regard to Jolly, Place.

Plaintiffs are granted twenty-one days from the date of this letter to amend the Motion for Judgment.