## CIRCUIT COURT OF LOUDOUN COUNTY

Harvey Lee Bailey

    v.

Regal Ins. Co. et al.

### July 9, 1993

### Case No. (Chancery) 14975

BY JUDGE JAMES. H. CHAMBLIN

This cause is before the Court on the demurrer of Regal Insurance Company to the Bill of Complaint for Declaratory Judgment. The Court heard argument of counsel on July 2, 1993. For the reasons hereinafter set forth, the demurrer is sustained.

A demurrer admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from alleged facts. *Palumbo* v. *Bennett*, 242 Va. 248, 249 (1991). The facts, therefore, are derived from the allegations of the Bill of Complaint.

On October 16, 1990, the plaintiff, Harvey Lee Bailey was injured in an automobile accident involving the defendant, Jose Antonio Vasquez. Bailey has sued Vasquez in this Court for personal injuries arising out of the accident.

At the time of the accident, Bailey was in the course of his employment with Dominion Business Systems, and, as a result, he received workers' compensation benefits from his employer's workers' compensation carrier, Cigna Insurance Company, medical and wage compensation totalling $46,443.86.

At the time of the accident, Vasquez was insured under a policy of automobile liability insurance issued by the defendant, Aetna Casualty and Surety Company in the amount of $25,000.00. Also, Bailey was the named insured under a policy of automobile insurance issued by

Regal in the amount of $25,000.00 which, consistent with Virginia law, provides for uninsured and underinsured motorist coverage.

Pursuant to Section 65.2–309 Cigna, as the workers' compensation carrier for Bailey's employer, is subrogated to any right that Bailey has against Vasquez for personal injuries suffered in the accident. Because Cigna has paid to Bailey $46,443.86, its claim exceeds the $25,000.00 of coverage afforded Vasquez by his policy from Aetna. Bailey argues that because of Cigna's claim the coverage provided by Aetna to Vasquez is not available for payment to him, and, therefore, Vasquez's motor vehicle is "underinsured" under Section 38.2–2206 causing Regal to afford underinsured coverage to Bailey under its policy up to $25,000.00.

In its demurrer Regal simply asserts that the facts as pleaded by Bailey do not show any liability on Regal to afford underinsured coverage to Bailey. I agree because the Vasquez vehicle does not fall under the definition of "underinsured" as found in Section 38.2–2206.

Bailey argues that under the statutory definition of "underinsured" the amount of coverage applicable to the Vasquez vehicle and available for payment for his injuries is zero because any amount payable by Aetna, Vasquez's carrier, would have to be paid to the workers' compensation carrier. Since no amount of coverage is available for payment, Bailey argues, the Vasquez vehicle is underinsured.

The fallacy of Bailey's argument lies in the definition of "available for payment" in Section 38.2–2206, which is "the amount of liability insurance coverage applicable to the claim of the injured person for bodily injury or property damage reduced by the payment of any other claims arising out of the same occurrence." Bailey asserts that the workers' compensation carrier's claim is an "other claim" which reduces the applicable coverage. I do not agree because the workers' compensation carrier's claim is derivative of Bailey's claim, i.e. it is Bailey's claim which is assigned to the workers' compensation carrier under Section 65.2–309. There is no "other claim" under the definition of "available for payment" in Section 38.2–2206. Hence, Vasquez's vehicle is not underinsured, and there is no liability on Regal for underinsured coverage.

Let Mr. Davis prepare and submit a final decree sustaining the demurrer and dismissing this cause as to Regal. No leave to replead is granted as Mr. Parker did not advise the Court of any additional facts he might allege.