## CIRCUIT COURT OF LOUDOUN COUNTY

Zadnik Homes Corp.

v.

Francois Devesa et al.

April 26, 1999

Case Nos. (Law) 20094 and 20095

By Judge Thomas D. Horne

These cases are before the Court after having been removed from the General District Court of Loudoun County. Plaintiff seeks recovery for repairs and improvements to the home of the defendants. The alleged work was performed in connection with flood damage to the premises (Law 20095) and for other improvements (Law 20094). In each case, the plaintiff entered into contracts for repairs in the name of Zadnik Homes Corp. These contracts are attached to the original warrant in debt and are a part of the record.

Plaintiff now seeks relief pursuant to § 8.01-6, Code of Virginia and moves to correct a misnomer. It suggests that Zadnik Corporation is a corporation in good standing with the State Corporation Commission and trades as Zadnik Homes Corporation. Zadnik Corporation is a properly licensed Class A Contractor. Should the Court permit the plaintiff to amend its pleading to correct the misnomer, the contract sued upon would nevertheless be violative of the regulations promulgated by the Virginia Board for Contractors. 18 VAC 50-22-230, 260, Rules and Regulations of the Virginia Board for Contractors.

It will be assumed, for purposes of considering the instant motions, that the plaintiff failed to comply with certain regulations of the Board in the drafting and execution of the agreement. The contract does not contain the

name of the holder of the license. Further, the contract lacks certain provisions which a contractor is required to include. Plaintiff also failed to obtain a permit required by the Statewide Building Code.

Plaintiff is entitled to correct a misnomer as long as it does not interject a new cause of action and the party sought to be substituted "bore a relationship of interest to the original party and to the suit and nobody was misled or prejudiced by the mistake." *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 817 (1957). It is suggested in the motion to correct a misnomer that Zadnik Corporation traded under the name of the instant plaintiff. Defendants' opposition and motion for summary judgment focuses on plaintiff's compliance with its statutory and regulatory obligations.

Plaintiff's causes of action are predicated upon work performed pursuant to contracts for repairs and improvements to the home of the defendants. As a contractor, plaintiff is required to be licensed to perform the work bargained for. In addition, as a party to a contract for renovations and repairs, it may only use the name in which it was licensed and must include in the agreement certain provisions mandated by regulation. The requirement of licensure is for the protection of the public. Thus, a lack of a license may preclude recovery for work performed. § 54.1-1115, Code of Virginia; see, *Enlow & Son v. Higgerson*, 201 Va. 780 (1960). In the instant case, the plaintiff sought to be substituted is a properly licensed contractor.

Defendants assert that the instant contracts are void and unenforceable by the plaintiff as such contracts are violative of state law. Not all contracts which transgress statutory mandate are void. See *Palumbo v. Bennett*, 242 Va. 248 (1991). It is only those agreements which are in contravention of statutes involving an exercise of the police power that the offending party is barred from enforcing. These are statutes enacted "to protect the public against fraud, imposition, or to safeguard the public health or morals." *Id.* at 253 (authorities omitted); *cf. Blick v. Marks, Stokes and Harrison*, 234 Va. 60 (1987). Although such agreement may be rendered unenforceable by the offending party, it may nevertheless be enforced by one among the class of those persons sought to be protected. *Enlow* at 786.

However, certain contracts may be enforced although based upon acts forbidden by statute. Thus, Justice Compton, writing for the Court in *Blick*, stated:

> Generally, a contract based on an act forbidden by a statute is void and no action will lie to enforce the contract. *Niemeyer v. Wright*, 75 Va. 239, 243 (1881); *Middleton v. Arnolds*, 54 Va. (13 Gratt.) 489, 489-

90 (1856). This general rule, however, is subject to exceptions, based on the intent of the legislature." The courts should always look to the language of the statute, the subject matter, the wrong it seeks to prevent, and the purpose to be accomplished in its enactment; and if from these it is manifest that it was not intended to render the act in contravention of the statute void, the courts will so hold." *Watters & Martin v. Homes Corp.*, 136 Va. 114, 127, 116 S.E. 366, 370 (1923).

*Blick*, 234 Va. at 64.

Were the Court to determine that the instant regulations do not implicate the police powers and that the Board, in enacting such regulations, did not intend that acts in contravention thereof render such contracts void and unenforceable by the contractor, then such contracts may be enforced unless the defendants can show some prejudice to them from the violations alleged. *Id.* at 65.

The Court will grant the motion of the plaintiff to correct a misnomer. To do so does not change the nature of the action nor prejudice the rights of the defendants.

Furthermore, defendants' motion for summary judgment will be denied. A failure to include the information mandated by the regulations may not be material to performance under the contract. Had the Board intended that a violation of the regulations be grounds to void the contract, it would have said so.

Specific penalties are prescribed for acts of contractors which are prohibited by statute (§ 54.1-1115, Code of Virginia) and regulations of the Board (§ 54.1-201, Code of Virginia). The only reference to the effect of such proscribed behavior on the right of the contractor to recover on its contract is contained in § 54.1-1115(C), Code of Virginia, which provides:

> No person shall be entitled to assert the lack of licensure or certification as required by this chapter as a defense to any action at law or suit in equity if the party who seeks to recover from such person gives substantial performance within the terms of the contract in good faith and without actual knowledge of the licensure or certification requirements of this chapter [Chapter 11, § 54.1-1100, *et seq.*].

The current provisions of § 54.1-1115 reflect statutory amendments of 1956 and 1970. These amendments sought to "ameliorate the harshness of the rule

followed in *Bowen Elec. Co. v. Foley*, 194 Va. 92 (1952)." *First Charter v. Middle Atlantic*, 218 Va. 304 (1977). In *Bowen*, the Supreme Court determined that a contractor's failure to obtain a Certificate of Registration as required by statute barred recovery by the offending contractor on his contract. At the time *Bowen* was decided, the statute contained a penal provision and did not mention the impact of a failure to register on the ability of the contractor to recover on his contract. Finding the statute at that time to be a police statute, the Court in *Bowen* applied the general rule which would bar recovery by the offending party.

It is, therefore, unlikely, given that a contractor performing work without a license required by statute might now be allowed under § 54.1-1115(C) to seek recovery on its contract, that the General Assembly would intend to allow a person to shirk payment simply because the licensed contractor failed to include contractual language mandated by regulation. Furthermore, the legislature did not require the inclusion of such language except upon the mandate of the Board's regulatory authority. § 54.1-1102, Code of Virginia.

Like the plaintiff law firm in *Blick, supra*, Zadnik's failure to conform its contract to the regulations does not implicate the police power but instead involves issues of prejudice to the public and unfairness to litigants. *Blick* at 65.

Thus, essential to defendants' attempts to avoid the contract on the basis of plaintiff's failure to include the language set forth in the regulations is a finding that such violation resulted in prejudice to defendants. The issue of prejudice is a factual matter that cannot be disposed of on the instant record by way of summary judgment. Accordingly, the motion for summary judgment is denied.