# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Cynthia L. Brown

v.

Wal-Mart Stores, Inc., et al.

July 27, 2000

Case No. CL00-152

BY JUDGE WILLIAM H. LEDBETTER, JR.

Wal-Mart and its store manager have demurred to an employee's claim that her employment was wrongfully terminated.

*Facts*

Because this case is before the court on demurrer, it is axiomatic that the court must assume as true all allegations properly pleaded by the plaintiff, all facts that should be implied from those allegations, and all reasonable inferences that can be fairly drawn from the allegations. *Luckett v. Jennings,* 246 Va. 303, 435 S.E.2d 400 (1993); *Palumbo v. Bennett,* 242 Va. 248, 409 S.E.2d 152 (1991). (However, a demurrer does not admit the correctness of the plaintiff's conclusions of law recited in the pleading. *Fox v. Custis,* 236 Va. 69, 372 S.E.2d 373 (1988).) Therefore, the facts recited in this opinion are taken from the plaintiff's pleading.

In 1997, Brown, the plaintiff, was an employee of Wal-Mart at its store in Spotsylvania County. The defendant, Pearson, was store manager. Jennifer Garner also worked there.

On May 8, 1997, Garner and her husband accused Brown of defacing their automobile. Garner's husband caused a magistrate to issue a warrant for Brown's arrest. Brown was arrested and admitted to bail. Shortly before

Brown's trial, Pearson "warned" Brown that, if she did not pay the Garner's damages, her employment at Wal-Mart would be terminated. He also "threatened" that, if Brown entered a plea of not guilty and was convicted, she would be terminated.

Brown was tried on July 1, 1997, in Spotsylvania County General District Court and convicted. Pearson informed her that her employment at Wal-Mart was terminated. Brown appealed. While the case was pending trial *de novo* in Spotsylvania County Circuit Court, investigators determined that the accusation against Brown was false. Also, pending trial, Pearson told Brown that, if she were acquitted in the circuit court, she would be "immediately re-hired."

Meanwhile, Pearson continued to try to intervene in the proceedings, asking the prosecutor to dismiss the case if Brown paid Garner's damages. At one point, Garner told Pearson that Brown had paid the damages. Consequently, Pearson asked the prosecutor to drop the charge, even though he knew Garner's statement about Brown having paid damages was false.

Eventually, the Commonwealth dropped the charge against Brown because of the falsity of the accusation. The Garners and another person were prosecuted for perjury and convicted.

Wal-Mart did not re-hire Brown.

Brown initiated this litigation on April 19, 2000, with a two-count motion for judgment. The defendants filed a demurrer. Arguments on the demurrer were heard on July 21, 2000.

### Decision: Count One

Count One alleges breach of contract. It is based on Pearson's alleged promise that if Brown were acquitted in the circuit court, she would be "immediately re-hired."

Ruling from the bench on July 21, 2000, the court overruled the demurrer. Assuming the allegations in Count One are true, the plaintiff has adequately stated a cause of action. Whether she can establish the elements of an oral contract by a preponderance of the evidence is an issue of proof reserved for trial.

### Decision: Count Two

In Count Two, Brown alleges wrongful termination of her employment.

Brown concedes that at all times pertinent to her claim, she was an at-will employee of Wal-Mart. She further concedes that Wal-Mart was not a

participant in the false accusations made by the Garners, nor did Wal-Mart or Pearson learn of the Garners' perjury until after Brown's employment had been terminated. Finally, Brown agrees that her claim is governed by the principles enunciated in *Bowman v. State Bank*, 229 Va. 534, 331 S.E.2d 797 (1985), and its progeny.

The at-will doctrine of employment law is a firmly embedded precept of the common law of Virginia. The doctrine leaves either party free to terminate the employment relationship at any time for any reason or for no reason.[1] See, e.g. *Miller v. SEVAMP*, 234 Va. 462, 362 S.E.2d 915 (1987); *Lawrence Chrysler v. Brooks*, 251 Va. 94, 465 S.E.2d 806 (1996).

The at-will doctrine is not absolute. Beginning in the mid-1980's the Supreme Court of Virginia created an exception for certain types of terminations that violate public policy. The seminal case, as noted above, is *Bowman*. Hence, claims of wrongful discharge have come to be known as "*Bowman* claims."

The court finds it unnecessary to cite and discuss all of the wrongful termination cases decided by the Supreme Court in the wake of *Bowman*. In a nutshell, the so-called *Bowman*-type exceptions to the state's employment-at-will doctrine are quite narrow. In fact, the Supreme Court observed recently that it has found a public policy sufficient to allow a common law wrongful discharge claim in only two instances.[2] The first instance involves laws containing explicit statements of public policy. The second instance involves laws that do not contain explicit statements of policy but instead are designed to protect the rights and personal freedoms, health, safety, or welfare of the people in general. An employee must be a member of the class of individuals that the specific public policy is intended to benefit in order to state a claim for wrongful termination in violation of public policy. *City of Virginia Beach v. Harris*, 259 Va. 220, 523 S.E.2d 239 (2000); *Dray v. New Market Poultry*, 258 Va. 187, 518 S.E.2d 312 (1999).

Applying these principles regarding the public policy exception to the employment-at-will doctrine in this case, this court concludes that the statutes cited by Brown do not fit within any of the instances where the Supreme Court has found public policies that support a *Bowman* claim.

---

[1]   Of course, the doctrine does not apply when there is an employment contract. In such case, the terms of the contract control.

[2]   In 1995, the General Assembly amended Virginia Code § 2.1-725 to preclude a wrongful termination cause of action based on any public policy reflected in the Virginia Human Rights Act (VHRA). See *Doss v. Jamco*, 254 Va. 362, 492 S.E.2d 441 (1997). Brown's claim does not implicate the VHRA.

The first source of public policy for Brown's *Bowman* claim is Virginia Code § 18.2-59, the criminal extortion statute. The facts set forth in Brown's motion for judgment are not sufficient to support the conclusory allegation that the defendants or either of them committed the crime of extortion or attempted extortion or conspiracy to commit extortion. When Pearson told or entreated Brown (characterized as "threatened" in the motion for judgment) to pay the damages she presumably caused the Garners, Pearson was not, as a matter of law, attempting to extort money or pecuniary benefit from Brown in violation of the statute.

Next, it is significant that Brown's allegations make clear that Pearson did not know that Garner's accusation was false. Rather, he merely sought to have Brown compensate the Garners for what he thought was criminal conduct.

Further, the court agrees with the defendant's argument that a criminal statute has been held to provide a public policy source for a *Bowman* claim only where an employer discharges an employee for refusing to perform a criminal act. See, e.g., *Mitchem v. Counts*, 259 Va. 179, 523 S.E.2d 246 (2000). Such is not the case here.

The second source of public policy for Brown's *Bowman* claim is Virginia Code §§ 16.1-79 *et seq*. These statutes deal with civil claims in general district courts. They are procedural statutes. There is no public policy inherent in those statutes that would give rise to a *Bowman* claim.

Finally, Brown alleges that her claim is based on public policy contained in the United States Constitution and in the Constitution of Virginia. Unspecified constitutional rights do not support a *Bowman* claim. If a discharged employee could premise a wrongful termination claim on the fundamental principles of our society as articulated in the Bill of Rights, every employment termination claim would be actionable.

## Conclusion

The court is of the opinion that Brown's wrongful termination allegations (Count Two) do not state a *Bowman* claim. Because she was admittedly an at-will employee, she has failed to state a cause of action against her employer, Wal-Mart, or its store manager. Thus, the demurrer to Count Two will be sustained.

For the reasons discussed, the demurrer to Count One will be overruled.