# CIRCUIT COURT OF THE CITY OF NORFOLK

Susan Rein

v.

Willafay Hopkins McKenna,
McKenna & Associates,
and McKenna & Rose

January 24, 2002

Case No. (Law) CL00-1727

BY JUDGE CHARLES D. GRIFFITH, JR.

This matter comes before the Court on the Demurrer, Special Pleas, and Motion to Dismiss of Defendants Willafay Hopkins McKenna (McKenna), McKenna & Associates, and McKenna & Rose filed on August 16, 2001, and a Motion for Summary Judgment filed by Defendants on September 20, 2001. Defendants' motions and pleadings stem from a Motion for Judgment filed by Plaintiff Susan Rein on July 31, 2000. Defendants filed memorandums of law in support their Demurrer, Special Pleas, and Motions, and a hearing was held before this Court on November 2, 2001. The Court gave leave to the parties to submit written responses to matters raised at the hearing. To date, Rein has not submitted a written response; however, Defendants filed theirs on December 28, 2001. After considering the relevant facts and inferences, the Court holds that Defendants' Demurrer should be sustained.

This matter arose from Defendant McKenna's legal representation of Rein, which commenced on or about July 13, 1993, and ended in early 1996. Rein alleges that she retained McKenna, in her capacity as a partner with Defendants McKenna & Associates and McKenna & Rose, to review the representation of her prior attorney and represent her in an appeal, the subsequent remand, and other matters regarding her divorce. Pl.'s Mot. for J. ¶¶ 13, 14. Rein claims that McKenna was negligent and breached her

fiduciary duties to her regarding those aspects of the legal representation, and, as a result, Rein was damaged. *Id.* ¶¶ 16, 17.

In its Demurrer, Defendants allege that Rein's Motion for Judgment is insufficient at law, does not state a cause of action, and fails to state claims and/or facts upon which the relief demanded may be granted. Defendants raise several arguments in support of their allegations. Included among Defendants' claims are that no causes of action for negligence and/or breach of a fiduciary duty exist against any Defendant, the claims are barred by the economic loss rule, and there is neither privity of contract nor any duty owed to Rein. Defs.' Demurrer at 2-3. Defendants also made Special Pleas, a Motion to Dismiss, and a Motion for Summary Judgment; however, this Opinion shall address only the Demurrer.

A demurrer tests the sufficiency of factual allegations to determine whether a motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (*quoting Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988) (citations omitted).

According to the Rules of the Supreme Court, the pleading "shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Rule 1:4(d). The Court may consider the pleading and attached exhibits and take as true "all fair inferences deducible therefrom." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991). A Motion for Judgment shall not be dismissed on demurrer if it is written in such a way as to clearly inform a defendant of the true nature of the claim asserted against him. *Alexander v. Kuykendall*, 192 Va. 8, 14-15, 63 S.E.2d 746, 749 (1951).

In her Motion for Judgment, Rein merely alleges that Defendant McKenna "was negligent and breached her fiduciary duties to the Plaintiff." Mot. for J. ¶ 16. However, "an action for the negligence of an attorney in the performance of professional services, while sounding in tort, *is an action for breach of contract.*" *Oleyar v. Kerr*, 217 Va. 88, 90, 225 S.E.2d 398, 399-400 (1976) (emphasis added). Whatever duties Defendants owed Rein arose from their attorney-client relationship, which is created by contract. *O'Connell v. Bean*, 263 Va. 176 (2002) (*citing Lyle, Siegel, Croshaw & Beale v. Tidewater Capital Corp.*, 249 Va. 426, 432, 457 S.E.2d 28, 32 (1995)). But for the

contract, an attorney would have no duties to his or her client. *Id.* Rein's Motion for Judgment fails to state a claim for breach of contract because it does not even allege the existence of a contractual agreement between the parties. As such, Rein has failed to clearly inform Defendants of the true nature of the claim asserted against them, and her Motion for Judgment should therefore be dismissed.

Furthermore, at least one other Virginia court has held that in an action for legal malpractice, the plaintiff must proceed on a breach of contract theory in order to recover damages for economic losses. *Bloom v. Southeastern Investment Corp.*, 27 Va. Cir. 79 (Fairfax 1992). In *Bloom*, the language of the plaintiffs' motion for judgment, which alleged "compensatory monetary losses in the acquisition, retention, and disposition of their condominium units … [made] it clear that the damages the plaintiffs [sought] to recover [were] purely economic." *Id.* at 81.

The Virginia Supreme Court has repeatedly addressed the issue of a plaintiff's right to recover economic losses in tort. In *Blake Const. Co. v. Alley*, 233 Va. 31, 353 S.E.2d 724 (1987), a general contractor on a construction project sued the owner's architect for damages resulting from the architect's negligence in the performance of his duties under his contract with the owner. The court held that the contractor could not maintain his action for economic loss against the architect because there was no privity of contract. The court expanded its *Blake* ruling in *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55 (1988), in which it announced a test for classifying the character of a loss:

> The controlling policy underlying tort law is the safety of persons and property — the protection of persons and property from loss resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. If that definition is kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property of one hand and economic losses on the other.

*Id.* at 425, 374 S.E.2d at 58.

*Sensenbrenner* held that landowners could not recover against a pool subcontractor and an architect under a tort theory of injury to their property where no privity of contract existed between them. *Id.* The landowners alleged nothing more than disappointed economic expectations, and the court held that "[t]his is a purely economic loss, for which the law of contracts provides the sole remedy." *Id.* The court also held that the landowners could

not recover under a tort theory of breach of duty because the defendants assumed no duties to take care for the safety of their property. *Id.*

The Virginia Supreme Court has also considered economic damages in the context of an attorney malpractice case. *Copenhaver v. Rogers*, 238 Va. 361, 384 S.E.2d 593 (1989). In *Copenhaver*, the clients' grandchildren claimed their grandparents' attorney was negligent in the preparation of their will. The court held that no cause of action lies against attorneys in tort for solely economic losses absent privity. *Id.*, 238 Va. at 366, 384 S.E.2d at 366.

The economic loss rule is not limited to situations in which the parties lack privity. In *Rotonda Condominium Unit Owners Ass'n v. Rotonda Assocs.*, 238 Va. 85, 380 S.E.2d 876 (1989), the Virginia Supreme Court held that a condominium owners association, which was in privity with the defendant developer, could not sue on behalf of individual owners to recover damages for structural defects in the common elements. The court held that the damages were not recoverable in tort because the association only sought to recover damages for economic loss associated with the cost of repairing the defects. *Id.* at 90, 380 S.E.2d at 879. "Such economic losses are not recoverable in tort; they are purely the result of disappointed economic expectations. The law of contracts provides the sole redress for such claims." *Id.*

In the instant case, Rein claimed damages in the amount of $500,000.00. However, her claims of "negligence" allegedly resulted in monetary "losses" such as tuition costs, "substantial money earnings," and the ability to both refinance her home at a substantially lower interest rate and sue her prior attorney for monetary damages. Mot. for J. ¶ 16. As in *Bloom*, the language of Rein's Motion for Judgment makes it clear that Rein is seeking damages for solely economic losses. As Rein's Motion for Judgment attempts to recover economic losses based on tort theories, it fails to state a cause of action and should therefore be dismissed.

For the reasons stated above, it is the ruling of this Court that Defendants' Demurrer is sustained and Plaintiff's Motion for Judgment is dismissed. Plaintiff is granted ten days from the date of this letter to amend the Motion for Judgment.