## CIRCUIT COURT OF THE CITY OF NORFOLK

Roger E. Morris

v.

Valorie Massingill
and City of Norfolk

May 23, 2003

Case No. (Law) L02-690

BY JUDGE MARC JACOBSON

Lieutenant Roger E. Morris filed an Amended Motion for Judgment alleging that Detective Valorie Massingill, a detective with the Norfolk Police Department, made defamatory statements about him and that those statements allegedly cost him the opportunity for promotion. (Pl.'s Am. Mot. for J., at ¶¶ 2-3, 8, 10-11, 14-16, 19-21.) Plaintiff alleges both defamation and tortious interference with prospective economic opportunity. Defendant demurs to both counts of Plaintiff's Amended Motion for Judgment.

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Va. Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally, on

demurrer, the Court may consider the substantive allegations of the pleading in addition to any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Va. Sup. Ct. R. 1:4(i)). The Court may consider the pleading and the exhibits and take as true "all fair inferences deducible therefrom." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988) (citations omitted). Moreover, "a court considering a demurrer may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that are properly a part of the pleadings." *Ward's Equip. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

### Count One: Defamation

In her Demurrer, Defendant contends that there are several defects in Plaintiff's pleadings as to Count I. Defendant alleges that Plaintiff is using the wrong standard for defamation, that he has failed to specifically allege which statements by the Plaintiff he considers false, that the specific statements are not defamatory, and that Defendant had a qualified privilege for her testimony that she did not abuse. (Def.'s Dem. to Am. Mot. for J., at ¶¶ 1-4, 6-7.)

### A. *Public Figure*

Defendant alleges in her Demurrer that Plaintiff is a public figure and therefore must prove that Defendant acted with "actual malice" to prevail. *Id.* at ¶ 4.

> For the most part those who attain this status [of public figure] have assumed roles of especial prominence in the affairs of society. Some occupy positions of such persuasive power and influence that they are deemed public figures for all purposes. More commonly, those classed as public figures have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved. In either event, they invite attention and comment.

*Fleming v. Moore*, 221 Va. 884, 891, 275 S.E.2d 623, 637 (1981) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974)). Although Plaintiff's job is an important one, a naval officer is not a public figure *per se*. Nor has

Plaintiff made any effort to thrust himself to the forefront of any public controversy.

Defendant, at this juncture and for the purposes of Demurrer, has not shown sufficient reason Plaintiff should be treated as a "public figure."

## B. *Falsity*

Defendant also alleges that Plaintiff's pleadings are insufficient because he fails to specify which of the allegedly defamatory statements are false. (Def.'s Dem. to Am. Mot..for J., at ¶ 6.) However, on demurrer, the Court must give Plaintiff the benefit of all inferences that can be fairly drawn from his factual allegations. In the Amended Motion for Judgment, Plaintiff is alleging that any statement that implies that he sexually abused a minor is false and, at this juncture and for the purposes of Demurrer, that is sufficient for Plaintiff to proceed.

## C. *Defamatory Statements*

In his Amended Motion for Judgment, Plaintiff sets forth a number of statements made by Defendant at the Case Review Committee (CRC) hearing. (Pl.'s Am. Mot. for J., ¶ 11.) Defendant asserts that a number of these statements, Paragraph 11(a-c), (f-i), and (p-q), are not defamatory because they are not "of or concerning" Plaintiff. (Def.'s Dem. to Am. Mot. for J., at ¶ 2.)

The Virginia Supreme Court has held:

> [A defamation] plaintiff must show that the alleged [defamation] was published "of or concerning" him. He need not show that he was mentioned by name in the publication. Instead, the plaintiff satisfies the "of or concerning" test if he shows that the publication was intended to refer to him and would be so understood by persons reading [or hearing] it who knew him. . . . But if the publication on its face does not show that it applies to the plaintiff, the publication is not actionable, unless the allegations and supporting contemporaneous facts connect the [defamatory] words to the plaintiff.

*WJLA-TV v. Levin*, 264 Va. 140, 152, 564 S.E.2d 383, 390 (2002) (quoting *Harris*, 229 Va. at 37, 325 S.E.2d at 738 (internal citations omitted)).

Defendant's alleged statements concerned her investigation of Plaintiff. (Pl.'s Am. Mot. for J., at ¶ 8.) At the time of the alleged statements, which

Plaintiff alleges are defamatory, she was testifying at a CRC hearing designed to investigate the recent charges against Plaintiff. *Id.* Under these circumstances, Defendant's alleged statements — allegedly vouching for the alleged victims' credibility and implying that there was sufficient evidence to support the charges that were filed and potentially other charges — might or could have been taken by her listeners to apply to Plaintiff's alleged criminal misconduct. Taken or construed in their totality, the alleged statements could or might have implied or been construed that Plaintiff had committed several crimes and managed to evade punishment for them. At this stage, for the purposes of Demurrer, these statements are sufficient for Plaintiff to proceed.

Similarly, Defendant alleges that several of the alleged statements, Paragraph 11(a)B(j) and (n)-(q), are not defamatory as a matter of law. (Def.'s Dem. to Am. Mot. for J., at ¶ 3.) Defendant alleges that, taken individually, none of these statements provides a cause of action for defamation. *Id.* However, it could be argued at this juncture of the proceedings for the purposes of Demurrer, such narrow attention to each statement would not be required. *See e.g., Schnupp v. Smith,* 249 Va. 353, 360, 457 S.E.2d 42, 46 (1995) ("[The defendant] suggests that the defamatory words must be sufficient within themselves to establish all the elements of the offense imputed. Such specificity, however, is not required."). Defendant has not cited legal precedent that would require the Court to consider each statement singly, rather than as a whole. The Virginia Supreme Court has "said it is sufficient 'to say that a man committed a felony which he did not commit'." *Id.* (quoting *James v. Powell,* 154 Va. 96, 106-07, 152 S.E. 539, 543 (1930)).

> It is well settled that: "In determining whether or not the language does impute a criminal offence the words must be construed in the plain and popular sense in which the rest of the world would naturally understand them. It is not necessary that they should make the charge in express terms. It is sufficient if they consist of a statement of matters which would naturally and presumably be understood by those who heard them as charging a crime."

*Moss v. Harwood,* 102 Va. 386, 388, 46 S.E. 385, 386 (1904) (quoting *Payne v. Tancil,* 98 Va. 262, 264, 35 S.E. 725, 725 (1900)).

For the purposes of the Demurrer at this juncture, taken in their totality, the alleged statements implied that Plaintiff committed a felony. Plaintiff denies that he committed a felony. For the purposes of the Demurrer at this juncture of the proceedings, his pleadings are sufficient for Plaintiff to proceed.

D. *Qualified Privilege*

Virginia recognizes the common law defense to defamation of qualified privilege. *Great Coastal Express, Inc. v. Ellington*, 230 Va. 142, 153, 334 S.E.2d 846, 853 (1985). "A communication, made in good faith, on a subject matter in which the person communicating has an interest, or owes a duty, legal, moral, or social, is qualifiedly privileged if made to a person having a corresponding interest or duty." *Taylor v. Grace*, 166 Va. 138, 144, 184 S.E. 211, 213 (1936). Whether such a privilege exists in this case is a matter of law. *Ellington*, 230 Va. at 153, 334 S.E.2d at 853 (citing *Aylor v. Gibbs*, 143 Va. 644, 648, 129 S.E. 696, 697 (1925)).

In the instant matter, Defendant's statements about Plaintiff came in the context of a CRC investigation into Plaintiff's recent criminal charges. (Pl.'s Am. Mot. for J., at ¶ 8.) Defendant was the investigating officer in the original case and, therefore, it could be argued, had an interest in those charges. *Id.* Plaintiff alleges that Defendant's comments to the CRC were based on information gathered in the course of her investigation. *Id.* at ¶¶ 9-10. The CRC also had an obvious interest in the charges as it was acting on behalf of Plaintiff's employer, the United States Navy. *Id.* at ¶¶ 8, 16.

However, any qualified privilege may be lost if it is abused. *James v. Haymes*, 163 Va. 873, 878, 178 S.E. 18, 20 (1935). To defeat the privilege, Plaintiff must show that Defendant has acted maliciously by clear and convincing evidence. *Ellington*, 230 Va. at 154, 334 S.E.2d at 854. The Virginia Supreme Court has held that it requires "proof of common-law malice, that is, behavior actuated by motives of personal spite, or ill-will, independent of the occasion on which the communication was made." *The Gazette, Inc. v. Harris*, 229 Va. 1, 18, 325 S.E.2d 713, 727 (1985) (citing *Story v. Newspapers, Inc.*, 202 Va. 588, 590, 118 S.E.2d 668, 670 (1961)).

Plaintiff alleges that Defendant's testimony was "malicious" because she knowingly violated the Expungement Order; therefore, her statements about Plaintiff are not protected by a qualified privilege. (Pl.'s Am. Mot. for J. at ¶ 9.) However, Plaintiff has failed to allege sufficient facts to support the assertion that Defendant violated the Order.

Section 19.2-392.3 of the Code of Virginia states: "It shall be unlawful for any person having or acquiring access to an expunged court or police record to open or review it or to disclose to another person any information from it without an order from the court which ordered the record expunged." Va. Code Ann. § 19.2-392.3(A) (Lexis 2003). Both this section and the related sections in the chapter focus on the physical documents that make up the police and court records and not any independent source of the information

the documents contain. *See e.g.,* Va. Code Ann. §§ 19.2-392.1 to 19.2-392.4 (Lexis 2003). According to Plaintiff's Amended Motion for Judgment, Defendant testified using her own notes and memory, not from the police or court records relating to Plaintiff's arrest and trial. (Pl.'s Am. Mot. for J., at ¶ 10.) Moreover, Plaintiff fails to allege that Defendant's testimony was based solely on malice, independent from the CRC's request that she testify about the Plaintiff's criminal charges.

Defendant's Demurrer to Count I is sustained, with leave to amend, if so advised within fifteen days for entry of the order annexed hereto and to be entered this date.

### Count Two: Tortious Interference
### with Prospective Economic Opportunity

In order to establish a *prima facie* case for tortious interference with prospective economic opportunity, Plaintiff must prove "(1) existence of a valid business expectancy, with a probability of future economic benefit to plaintiff, (2) defendant's knowledge of the expectancy, (3) a reasonable certainty that absent the defendant's intentional misconduct, plaintiff would have continued in the relationship or realized the expectancy, and (4) damage to the plaintiff." *Commercial Bus. Sys., Inc. v. Halifax Corp.*, 253 Va. 292, 300, 484 S.E.2d 892, 896 (1997) (quoting *Glass v. Glass*, 228 Va. 39, 51-52, 321 S.E.2d 69, 77 (1984)). Defendant contends that Plaintiff's Amended Motion for Judgment is flawed both because he fails to show he had a valid business expectancy and because he fails to show that Defendant committed any intentional misconduct that interfered with Plaintiff's expectancy.

In his pleadings, Plaintiff states that he "was to be promoted to full lieutenant at the time [of Defendant's testimony before the CRC.]" (Pl.'s Am. Mot. for J., at ¶ 3.) Plaintiff does not allege that he was hoping that he would be promoted, but that his promotion was certain. At this stage in the proceedings, for the purposes of Demurrer, the Court must accept this allegation as true.

However, Plaintiff asserts that Defendant's intentional misconduct was her violation of the Expungement Order. As stated earlier, Plaintiff has failed to allege facts to support the contention that Defendant violated the Order. *See supra.* As his pleading does not include any other "intentional misconduct," it fails to state a cause of action against Defendant for Tortious Interference with Prospective Economic Opportunity.

Defendant's Demurrer to Count II is sustained, with leave to amend.